

## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

January 23, 2026

The Honorable Brad Buckley, DVM
Chair, House Committee on Public Education
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

**Opinion No. KP-0507**

Re: Village authority to reduce a Local Option Homestead Exemption (RQ-0594-KP)

Dear Representative Buckley:

On behalf of the Village of Salado, you ask about reducing a local option homestead exemption.[1] The Village adopted a local option homestead exemption that "was in place in 2022." Attachment at 1. As we understand it, Village officials are concerned that the exemption combined with an ad valorem tax rate reduction[2] could leave the Village unable to "fund essential municipal services including the provision of police protection." *Id.* You thus ask that we review the relevant statute and consider "whether it would be lawful for" the Village to reduce the local option homestead exemption "for Fiscal Year 2025-[20]26." Request Letter at 1; Attachment at 1.

The Texas Constitution authorizes a municipality to exempt from taxation a percentage of the market value of a residence homestead for homeowners in the municipality. *See* TEX. CONST. art. VIII, § 1-b(e); Tex. Att'y Gen. Op. No. KP-0215 (2018) at 1. This is commonly referred to as the "local option homestead exemption." *E.g.*, *White Deer Indep. Sch. Dist. v. Martin*, 596 S.W.3d 855, 858, 863 (Tex. App.—Amarillo 2019, pet. denied). "The percentage may not exceed twenty percent," while the amount of the exemption "may not be less than $5,000." TEX. CONST. art. VIII, § 1-b(e). The same provision authorizes the Legislature "by general law" to "prohibit the governing body of a political subdivision that adopts" such an exemption "from reducing the amount of or repealing the exemption." *Id.*

Consistent with the Texas Constitution, the Legislature enacted Tax Code subsection 11.13(n), which allows a taxing unit to adopt the local option homestead exemption. TEX. TAX

---

[1] *See* Letter and Attachment from Hon. Brad Buckley, DVM, Chair, H. Comm. on Pub. Educ., to Off. of Tex. Att'y Gen. at 1 (Apr. 14, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0594KP.pdf ("Request Letter" and "Attachment," respectively).

[2] Voters in a municipality with a population of less than 30,000, may, under certain circumstances, petition to "require that an election be held to determine whether to reduce the tax rate adopted by the governing body." TEX. TAX CODE § 26.075(a)(3), (c); *see also* Attachment at 1 (referencing same).

CODE § 11.13(n); *see also id.* § 1.04(12) (providing that a "taxing unit" includes an "incorporated city or town"). In 2023, the Legislature added Tax Code subsection 11.13(n-1) to provide that "[t]he governing body of a school district, municipality, or county that adopted" the local option homestead exemption "for the 2022 tax year may not reduce the amount of or repeal the exemption." *Id.* § 11.13(n-1). This provision applies "only to an ad valorem tax year that begins on or after January 1, 2023." Act of July 13, 2023, 88th Leg., 2d C.S., ch. 1, § 3.16, 2023 Tex. Gen. Laws 4700, 4706. It expires on December 31, 2027. *Id.* § 3.01 at 4701; TEX. TAX CODE § 11.13(n-1).

"Our ultimate purpose when construing a statute is to discover the Legislature's intent." *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 133 (Tex. 2013). Because "the Legislature expresses its intent by the words it enacts and declares to be the law," *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011), "[w]here text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Here, of course, subsection 11.13(n-1) plainly demonstrates that a local option homestead exemption adopted by a municipality for the 2022 tax year must stay at (or above) that level until the end of the 2027 tax year. TEX. TAX CODE § 11.13(n-1). Unfortunately, the statute provides no exception when voters approve a reduction in the ad valorem tax rate. *Id.* This means the Village's governing body may not reduce the rate of the exemption for fiscal year 2025–2026 from that adopted for the 2022 tax year—even when the voters approve a reduction in the Village's ad valorem tax rate.

Precedent likewise confirms this conclusion. In *Kilgore Independent School District v. Anderson*, for example, the court construed a prior version of subsection 11.13(n-1) after an independent school district's board of trustees voted to repeal its local option homestead exemption. No. 12-20-00133-CV, 2020 WL 7635966, at *1, 3–4 (Tex. App.—Tyler Dec. 22, 2020, no pet.) (mem. op.). At the time, the statute provided "[t]he governing body of a school district, [municipality, or county] that adopted an exemption under Subsection (n) for the 2014 tax year may not reduce the amount or repeal the exemption. This subsection expires December 31, 2019." *Id.* at *4 (citing Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779, 1779 (expired Dec. 31, 2019)). The court held that "[t]he plain language of the Act evidences the Legislative intent to set a floor for the local option exemption rates at the level they were in 2014 until the end of the 2019 tax year." *Id.* at *5; *see also* Tex. Att'y Gen. Op. No. KP-0072 (2016) at 2 (concluding the same).

*White Deer Independent School District v. Martin* also spoke to the predecessor of subsection 11.13(n-1) when a school district voted to reduce the district's local option homestead exemption. 596 S.W.3d at 859. That court construed "the language of the statute [to] indicate[] that the Legislature intended for any [local option homestead exemption] adopted by a school district, municipality, or county for the 2014 tax year to stay at (or above) that level until the end of the 2019 tax year," *id.* at 865, and any reduction of the exemption by the governing body was "expressly prohibited" by the statute, *id.* at 869.

At bottom, the language construed in both cases was nearly identical to the current statutory language and differed only as to the relevant dates. *Compare* Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779, 1779 (expired Dec. 31, 2019), *with* TEX. TAX CODE § 11.13(n-1). We therefore confront no basis on which to distinguish the situation presented by

your request. Again, the plain text of Tax Code subsection 11.13(n-1) prevents the Village's governing body from lawfully reducing the rate of its local option homestead exemption for fiscal year 2025–2026—even where voters approve a reduction in the Village's ad valorem tax rate—from that adopted for the 2022 tax year.

**S U M M A R Y**

Subsection 11.13(n-1) of the Tax Code prohibits the governing body of a school district, municipality, or county from repealing or reducing the local option homestead exemption from the amount that was adopted for the 2022 tax year through the 2027 tax year. Thus, the Village of Salado's governing body may not reduce the rate of its local option homestead exemption for fiscal year 2025–2026 from that adopted for the 2022 tax year.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee